UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Subpoena *Duces Tecum* to U.S. Attorney's Office for the Southern District of New York in *People of the State of New York*, Index No. 71543-23 (Sup. Ct. N.Y. Cnty.) | 24 ~~Civ.~~ mc 97 |

# [PROPOSED] PRIVACY ACT AND PROTECTIVE ORDER

WHEREAS, counsel for the defendant in *People of the State of New York v. Donald J. Trump*, Index No. 71543-23 (Sup. Ct. N.Y. Cnty.) ("*People v. Trump*"), issued a subpoena *duces tecum* ("Subpoena") to the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY"), seeking production of records relating to the federal government's investigation and prosecution of Michael Cohen in *United States v. Cohen*, No. 18 Cr. 602 (JMF) (S.D.N.Y.), and *United States v. Cohen*, 18 Cr. 850 (JMF) (S.D.N.Y.);

WHEREAS, pursuant to 28 C.F.R. § 16.21 *et seq.*, the U.S. Attorney for the Southern District of New York has authorized the disclosure of certain records in response to the Subpoena, subject to entry of a Privacy Act and Protective Order that incorporates the provisions of the Protective Order entered by the Hon. Juan M. Merchan in *People v. Trump* on May 8, 2023 ("State Court Protective Order"), a copy of which is annexed hereto;

WHEREAS, counsel for the defendant in *People v. Trump*, the District Attorney for the County of New York, and Michael Cohen consent to entry of this Privacy Act and Protective Order governing the treatment of materials produced by the USAO-SDNY pursuant to the Subpoena; and

WHEREAS, the Court finds that good cause exists for the issuance of a Privacy Act and Protective Order, pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"),

IT IS HEREBY ORDERED THAT:

1. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the USAO-SDNY to produce documents and information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. Nothing in this paragraph, however, shall require production of documents or information that have not been authorized for disclosure by the U.S. Attorney for the Southern District of New York pursuant to the Department of Justice's *Touhy* regulations, or that are otherwise prohibited from disclosure (even with the entry of this Order) by any applicable privileges, statutes, regulations, or authorities.

2. All documents and information produced by the USAO-SDNY pursuant to this Order shall be treated as Limited Dissemination Materials subject to the terms and conditions of the State Court Protective Order; provided, however, that any materials responsive to Requests 4-10 of the Subpoena shall be subject to the further limitations set forth in the paragraphs on page 3 of the State Court Protective Order relating to forensic images of witness cell phones. All provisions and protections of the State Court Protective Order applicable to Limited Dissemination Materials and forensic images of witness cell phones are expressly adopted and incorporated into this Order.

3. All documents and information disclosed by the USAO-SDNY pursuant to this Order shall be held and used by the party receiving such information solely for use in connection with *People v. Trump*.

4. Nothing in this Order constitutes an admission by any party that any documents or information disclosed pursuant to this Order is relevant or admissible. Each party reserves the right to object to the use or admissibility of any such documents or information.

5. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) produced pursuant to this Order shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the United States from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

6. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information prior to production.

7. At the conclusion of *People v. Trump*, all documents and information produced pursuant to this Order and any copies thereof shall be promptly (and in no event later than 30

days after entry of final judgment no longer subject to further appeal) returned to the USAO-SDNY or, upon permission of the USAO-SDNY, destroyed, with the exception of materials admitted into evidence at trial or filed as part of the court record.

8.  Nothing in this Order shall prevent any disclosure by the United States of documents or information subject to this Order, or require disclosure by the United States of any such documents or information in any other context or proceeding.

SO STIPULATED AND AGREED TO BY:

Dated: February 28, 2024  
       New York, New York

BLANCHE LAW PLLC

By: /s/ Emil Bove  
TODD BLANCHE, Esq.  
EMIL BOVE, Esq.  
Blanche Law PLLC  
99 Wall Street, Suite 4460  
New York, NY  10005  
*Counsel for Defendant*

Dated: February 28, 2024  
       New York, New York

DAMIAN WILLIAMS  
United States Attorney for the  
Southern District of New York

By: *Sarah S. Normand*  
SARAH S. NORMAND  
Assistant United States Attorney  
86 Chambers Street, 3rd Floor  
New York, New York  10007  
*Counsel for USAO-SDNY*

Dated: February 28, 2024
      New York, New York

ALVIN L. BRAGG, JR.
District Attorney, New York County

By:   /s/ Matthew Colangelo
MATTHEW COLANGELO
Assistant District Attorney
1 Hogan Place
New York, New York 10013
*Counsel for People of State of New York*

SO ORDERED:

_____
United States District Judge Jesse M. Furman (Part I)
Dated: ~~February ___, 2024~~  March 4, 2024
   New York, New York

The Clerk of Court is directed to close this case.