UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:  Subpoena *Duces Tecum* to U.S. Attorney's Office for the Southern District of New York in *People of the State of New York*, Index No. 71543-23 (Sup. Ct. N.Y. Cnty.) | 24 MC 97 (JMF) |

# [PROPOSED] SUPPLEMENTAL PRIVACY ACT AND PROTECTIVE ORDER

WHEREAS, on March 4, 2024, this Court entered a Privacy Act and Protective Order authorizing and governing the disclosure of certain materials by the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY") to the parties in *People of the State of New York v. Donald J. Trump*, Index No. 71543-23 (Sup. Ct. N.Y. Cnty.) ("*People v. Trump*"), in response to a subpoena *duces tecum* (the "First *Touhy* Request") issued by the defendant in that case;

WHEREAS, on March 20, 2024, counsel for the defendant in *People v. Trump* made a second request to the USAO-SDNY pursuant to 28 C.F.R. § 16.21 *et seq.* (the "Second *Touhy* Request"), seeking production of records relating to the federal government's investigation and prosecution of Michael Avenatti in *United States v. Avenatti*, No. 19 Cr. 373 (PGG) (S.D.N.Y.), and *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y.);

WHEREAS, pursuant to 28 C.F.R. § 16.21 *et seq.*, the U.S. Attorney for the Southern District of New York has authorized the disclosure of certain records in response to the Second *Touhy* Request, subject to entry of a Privacy Act and Protective Order that incorporates the provisions of the Protective Order entered by the Hon. Juan M. Merchan in *People v. Trump* on May 8, 2023 ("State Court Protective Order"), a copy of which is annexed hereto;

WHEREAS, counsel for the defendant in *People v. Trump* and the District Attorney for the County of New York consent to entry of this Privacy Act and Protective Order governing the treatment of certain materials produced by the USAO-SDNY in response to the Second *Touhy* Request; and

WHEREAS, the Court finds that good cause exists for the issuance of a supplemental Privacy Act and Protective Order, pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"),

IT IS HEREBY ORDERED THAT:

1. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the USAO-SDNY to produce documents and information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. Nothing in this paragraph, however, shall require production of documents or information that have not been authorized for disclosure by the U.S. Attorney for the Southern District of New York pursuant to the Department of Justice's *Touhy* regulations, or that are otherwise prohibited from disclosure (even with the entry of this Order) by any applicable privileges, statutes, regulations, or authorities.

2. All documents and information produced by the USAO-SDNY pursuant to this Order shall be treated as Limited Dissemination Materials subject to the terms and conditions of the State Court Protective Order. All provisions and protections of the State Court Protective Order applicable to Limited Dissemination Materials are expressly adopted and incorporated into this Order.

3. All documents and information disclosed by the USAO-SDNY pursuant to this Order shall be held and used by the party receiving such information solely for use in connection with *People v. Trump*.

4. Nothing in this Order constitutes an admission by any party that any documents or information disclosed pursuant to this Order is relevant or admissible. Each party reserves the right to object to the use or admissibility of any such documents or information.

5. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) produced pursuant to this Order shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the United States from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

6. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information prior to production.

7. At the conclusion of *People v. Trump*, all documents and information produced pursuant to this Order and any copies thereof shall be promptly (and in no event later than 30

days after entry of final judgment no longer subject to further appeal) returned to the USAO-SDNY or, upon permission of the USAO-SDNY, destroyed, with the exception of materials admitted into evidence at trial or filed as part of the court record.

8. Nothing in this Order shall prevent any disclosure by the United States of documents or information subject to this Order, or require disclosure by the United States of any such documents or information in any other context or proceeding.

SO STIPULATED AND AGREED TO BY:

Dated: March 26, 2024  
      New York, New York

BLANCHE LAW PLLC

By: */s/ Todd Blanche*  
    TODD BLANCHE, Esq.  
    EMIL BOVE, Esq.  
    Blanche Law PLLC  
    99 Wall Street, Suite 4460  
    New York, NY 10005  
    *Counsel for Defendant*

Dated: March 26, 2024  
      New York, New York

DAMIAN WILLIAMS  
United States Attorney for the  
Southern District of New York

By: */s/ Sarah S. Normand*  
    SARAH S. NORMAND  
    Assistant United States Attorney  
    86 Chambers Street, 3rd Floor  
    New York, New York 10007  
    *Counsel for USAO-SDNY*

Dated: March 26, 2024
      New York, New York

ALVIN L. BRAGG, JR.
District Attorney, New York County

By:  */s/ Matthew Colangelo*
MATTHEW COLANGELO
Assistant District Attorney
1 Hogan Place
New York, New York  10013
*Counsel for People of State of New York*

SO ORDERED:

_____
HON. JESSE M. FURMAN
United States District Judge

Dated:  March 26, 2024
      New York, New York

The Clerk of Court is directed to close the case.

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

THE PEOPLE OF THE STATE OF NEW YORK

-against-

DONALD J. TRUMP,

                 Defendant.

PROTECTIVE ORDER

Ind. No. 71543-23

---

The Court, being satisfied based upon the application of Assistant District Attorney Catherine McCaw, dated April 24, 2023, and the opposition motion of Todd Blanche and Susan Necheles, counsel for Donald J. Trump, *and the hearing conducted on May 4, 2023,* that good cause exists for an order to restrict, defer, and make such other order as is appropriate with respect to disclosure and inspection of discoverable materials and information, pursuant to Section 245.70 of the Criminal Procedure Law, it is hereby:

ORDERED that any materials and information provided by the People to the Defense in accordance with their discovery obligations as well as any other documents, materials, or correspondence provided to or exchanged with defense counsel of record on the above-captioned matter ("Defense Counsel"), in any form or component part, with the exception of any materials provided to the People by Defendant, the Trump Organization, or any company owned in part or entirely by Defendant or the Donald J. Trust Revocable Trust (the "Covered Materials") shall be used solely for the purposes of preparing a defense in this matter; it is further

ORDERED that any person who receives the Covered Materials shall not copy, disseminate, or disclose the Covered Materials, in any form or by any means, to any third party

(except to those employed by counsel to assist in the defense of the above-captioned criminal proceeding) including, but not limited to, by disseminating or posting the Covered Materials to any news or social media platforms, including, but not limited, to Truth Social, Facebook, Instagram, WhatsApp, Twitter, Snapchat, or YouTube, without prior approval from the Court; it is further

ORDERED that disclosure of the names and identifying information of New York County District Attorney's Office personnel, other than sworn members of law enforcement, assistant district attorneys, and expert or fact witnesses (other than summary witnesses), shall be delayed until the commencement of jury selection and permitting the People to redact such names and identifying information from any of the Covered Materials; it is further

ORDERED that those of the Covered Materials that are designated by the People as limited dissemination (the "Limited Dissemination Materials"), whether in electronic or paper form, shall be kept in the sole possession and exclusive control of Defense Counsel and shall not be copied, disseminated, or disclosed in any form, or by any means, by Defense Counsel, except to those employed by Defense Counsel to assist in the defense of the above-captioned criminal proceeding; it is further

ORDERED that Defendant is permitted to review the Limited Dissemination Materials only in the presence of Defense Counsel, but Defendant shall not be permitted to copy, photograph, transcribe, or otherwise independently possess the Limited Dissemination Materials; it is further

ORDERED that Defendant is permitted to review the portions of forensic images of witness cell phones containing (1) material related to any of the events discussed in the indictment or the People's April 4, 2023 Statement of Facts; (2) material evidencing any prior criminal conduct of the owner of the phone or any person identified by the People as a witness in an Addendum to an Automatic Discovery Form (the "People's witness list"); (3) communications or notes referring to any person identified as a witness in the People's witness list; (4) communications or notes with any law enforcement officer or anyone in their office or prosecutor or anyone in their office, including, but not limited to, the New York City Police Department, federal law enforcement, the Southern District of New York, the New York County District Attorney's Office, Special Counsel, or the Department of Justice; and (5) information about Donald Trump; it is further

ORDERED that any other portion of the forensic images of witness cell phones shall be reviewed solely by Defense Counsel and those employed by Defense Counsel to assist in the defense of the above-captioned criminal proceeding, except that, after obtaining permission *ex parte* and *in camera* from the Court, Defense Counsel may show Defendant other Court-approved portions of the forensic images; it is further

ORDERED that, in the event Defendant seeks expedited review of this protective order under CPL 245.70(6)(a), any obligation that would exist on the part of the People to produce the information and materials that are the subject of this order is held in abeyance pending the determination of the intermediate appellate court; and it is further

ORDERED, that the portions highlighted in green in People's Motion in Support of a Protective Order dated April 24, 2023, and any accompanying documents, exhibits, or transcripts, are sealed pursuant to CPL 245.70(1).

DATED: New York, New York
May 8, 2023

MAY 0 8 2023

So Ordered: _____
Justice of the Supreme Court

HON. J. MERCHAN

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

DONALD J. TRUMP,

Defendant.

**MOTION FOR PROTECTIVE ORDER**

Indictment No. 71543-23

Alvin L. Bragg, Jr.
District Attorney
New York County
One Hogan Place
New York, New York 10013
(212) 335-9000